IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BALIVI CHEMICAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>JMC VENTILATION REFRIGERATION, LLC, a Washington Limited Liability Company, JMC ENTERPRISES, INC., a Washington Corporation and JOEL MICKA, an Individual,<br><br>    Defendants. | Case No. CV-07-353-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to compel filed by JMC, and a motion to quash filed by Balivi. The Court held oral argument on the motions on November 25, 2008, and took them under advisement. For the reasons expressed below, the Court will grant in part, and deny in part, the motion to compel and will deny the motion to quash. Balivi has also filed a motion for protective order. The Court will decide that motion on the briefs in an expedited fashion early next week.

**Memorandum Decision and Order – Page 1**

## ANALYSIS

1. **<u>JMC's Motion to Compel</u>**

JMC seeks to compel the production of documents from the *Pin/Nip v. Platte* litigation. It appears the documents are contained in about 15 boxes. JMC has offered to (1) bear the cost of sending a paralegal to the location of the documents to examine the documents, (2) enter into a clawback agreement with Balivi and 1,4Group, and (3) provide copies to Balivi and 1,4Group of whatever documents JMC copies from the boxes. This is a reasonable resolution of the issue, and the Court will order that it be done.

JMC seeks to compel production of 44 deposition transcripts from the case of *Balivi v. Chemical Supply* and 57 transcripts from *Tri-River Chemical Co., Inc. v. Forsythe*. In May of 2008, Balivi provided JMC with a list identifying the depositions. Counsel for Balivi and 1,4 Group takes the position that it has an express or implied contract with the court reporters who took the depositions not to copy them or distribute them outside of their firm. They therefore suggest that JMC should be required to contact the reporters who took the depositions and obtain transcripts from them. JMC objects to this procedure, arguing that it should be able to obtain copies of the transcripts in Balivi's possession.

**Memorandum Decision and Order – Page 2**

It strikes the Court that counsel for Balivi would not violate any contractual obligation it might have to the court reporters, if it simply permitted counsel for JMC to review the transcripts which it has in its possession. Thus, to the extent that they have possession of these transcripts, they must make them available for inspection by JMC at the same time that JMC is examining the boxes of documents from the *Pin/Nip* litigation. If JMC finds, during this inspection, that it needs copies of certain depositions, JMC must contact the reporters to obtain a copy from them, and notify Balivi and 1,4Group of the transcripts they are seeking from the reporters. The Court is well aware of the typical arrangement whereby parties seeking copies of transcripts must pay the reporters who transcribed the deposition. If the reporters are unable to provide copies, JMC may provide a list of such transcripts to Balivi and 1,4Group and pay them the going rate for copies.

Finally, JMC believes that six more expert reports exist from the *Tri-River* case that Balivi and 1,4Group have not produced. If Balivi and 1,4Group have those six expert reports, they must produce them. If they do not have them, they should so state.

JMC's request for costs shall be denied.

**2.     Balivi's Motion to Quash**

Balivi has filed a motion to quash a subpoena duces tecum served on

**Memorandum Decision and Order – Page 3**

1,4Group seeking documents from the *Pin/Nip* litigation related to Balivi's patent. As discussed above, the Court is requiring 1,4Group and Balivi to make these documents available for inspection by JMC at its expense.  Accordingly, the Court will deny the motion to quash to the extent it seeks to forego any production of the documents whatsoever.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel (Docket No. 100) is GRANTED IN PART AND DENIED IN PART consistent with the rulings contained in the Memorandum Decision.

IT IS FURTHER ORDERED, that the motion to quash (Docket No. 115) is DENIED.

DATED:  **November 26, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court