IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| BALIVI CHEMICAL CORPORATION, | ) ) ) | Case No. CV-07-353-S-BLW |
| Plaintiff, | ) ) | **MEMORANDUM DECISION** |
| v. | ) ) ) | |
| JMC VENTILATION REFRIGERATION, LLC., a Washington Limited Liability Company, JMC ENTERPRISES, INC., a Washington Corporation and JOEL MICKA, an Individual, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

A dispute has arisen over a discovery matter in this patent case. Because no motion has been filed, the Court issues this Memorandum Decision for the purposes of guidance only.

In a decision issued November 26, 2008, the Court directed Balivi to make available for JMC's inspection the documents Balivi had from *Pin/Nip v. Platte,* CV-97-307-S-BLW, a case that was litigated and resolved in this Court. Balivi was at one time known as Pin/Nip, and so had possession of boxes of documents from that litigation.

**Memorandum Decision – Page 1**

JMC has gone through the boxes and wants to copy certain documents. Balivi is cooperating except for some documents that had been submitted in that case by Platte – the documents were labeled "Confidential" and submitted under the terms of a Protective Order approved by this Court in the *Pin/Nip v Platte* case. JMC was not a party to the *Pin/Nip v. Platte* case, and is a competitor of both Balivi and Platte.

The parties have contacted the Court requesting a ruling on whether Balivi may release the Platte documents labeled "Confidential" to JMC. There is no indication that Balivi has obtained the consent of Platte to release the documents.

Under the terms of the Protective Order in the *Pin/Nip v. Platte* case, documents labeled "Confidential" could be shown only to attorneys in the *Pin/Nip v Platte* case. So the Protective Order would, by its terms, prohibit Balivi from turning over these documents to third parties like JMC, even if the documents were restricted to the attorneys for JMC. Moreover, the Protective Order states that it "survives termination of this case [*Pin/Nip v Platte*]." Thus, even though *Pin/Nip v. Platte* has been terminated, the Protective Order continues to govern the documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122 (9th Cir. 2003).

**Memorandum Decision – Page 2**

The Ninth Circuit strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. *Id.* at 1131. This general presumption applies even when access is blocked by a protective order: "Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted." *Id.* at 1134.[1]

This authority formed the basis for the order the Court issued on May 2, 2008, generally allowing for production of discovery covered by protective orders in other cases. However, in the present case there is a high likelihood that the materials requested by JMC contain Platte's trade secrets. While the two cases involve different patents, both cases arise out of the business of applying chemicals to stored potatoes to prevent sprouting. Platte and JMC are competitors in that business, which is highly competitive. There is no indication in the record that Platte has consented to the disclosure, or even knows of JMC's request for the documents. These considerations weigh against applying the general presumption

---

[1] There is an exception for documents filed pursuant to a protective and attached to a non-dispositive motion. *Id.*

**Memorandum Decision – Page 3**

of disclosure because it is not clear that Platte's "legitimate interest in privacy" could be maintained if JMC obtains the documents. *Id.*

Another important factor in overriding an existing protective order is whether the material is relevant to the present action. *Id.* It is not clear what relevance Platte's statements would have in this case. Perhaps they are necessary to put Pin/Nip's statements in context, but that has not been shown.

For all these reasons, the Court will not modify the protective order in *Pin/Nip v. Platte* at this time. This does not necessarily close the issue, however. If the deadlines set by the Case Management Order do not dictate otherwise, the parties remain free to file motions on this issue, and obtain a definitive ruling. Moreover, the Court would revisit this issue if informed that Platte consents. If Platte objects to disclosure, the Court could set up a hearing between Platte and the parties here to determine if the protective order should be modified.

DATED: **January 12, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision – Page 4**