IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| BALIVI CHEMICAL CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 07-0353-S-BLW<br><br>MEMORANDUM DECISION AND ORDER |
| Plaintiff, | | |
| v. | | |
| JMC VENTILATION REFRIGERATION, LLC., et al., | | |
| Defendants. | | |
| 1,4 GROUP, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 07-0354-S-BLW |
| Plaintiff, | | |
| v. | | |
| JMC VENTILATION REFRIGERATION, LLC., et al., | | |
| Defendants. | | |

## INTRODUCTION

The Court has before it a motion for protective order and a motion for leave

**Memorandum Decision & Order – page 1**

to conduct additional discovery, both filed by plaintiffs Balivi and 1,4Group in these two related but unconsolidated cases. Plaintiffs seek to block defendant's discovery by one motion, and expand their own with the other. The motions are fully briefed and at issue. For the reasons explained below, the Court refuses to block defendant's discovery, and will allow plaintiffs to proceed with their own discovery.

## ANALYSIS

### Motion for Protective Order

Plaintiffs Balivi and 1,4Group seek a protective order barring defendant JMC from conducting discovery concerning five foreign entities that may have a role in selling CIPC to plaintiffs. Plaintiffs also seek to prohibit JMC from taking the deposition of plaintiffs' owner John Forsythe on these same issues.

Rule 26 states that, in general, any matter relevant to a claim or defense is discoverable. That principle is subject to limitation. After a showing of good cause, the Court may issue any protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure. *See* Fed.R.Civ.P. 26(c). Plaintiffs have the burden to "show good cause" by

**Memorandum Decision & Order – page 2**

demonstrating harm or prejudice that will result from the discovery.  *See Rivera v. NIBCO, Inc.,* 364 F.3d 1057 (9th Cir. 2004).

Plaintiffs claim that this discovery is unduly burdensome because it will subject Forsythe to yet another deposition after he has already been deposed twice before.  Forsythe was the Rule 30(b)(6) designee in two prior depositions, and he is once again the Rule 30(b)(6) designee in the discovery request now under consideration.

While individuals may only be deposed once without leave of court, *see Fed.R.Civ.P. 30(a)(2)(A)(ii)*, corporate representatives designated under Rule 30(b)(6) have been treated differently by some courts.  *See, e.g., Quality Aero v. Telmetrie Elektronik*, 212 F.R.D. 313 (E.D.N.C. 2002) (holding leave of court not required to take more than one deposition of single individual designated under Rule 30(b)(6)); *Advisory Committee Notes to 1993 Amendments* (stating that for purposes of calculating the number of a depositions in a case, a 30(b)(6) deposition is separately counted as a single deposition, regardless of the number of witnesses designated).  Yet other courts hold that leave of court is required for more than one deposition, even if the individual was designed under Rule 30(b)(6).  *See In re Sulfuric Acid Antitrust Litigation*, 2005 WL 1994105 (N.D.Ill. 2005).

The Court need not resolve the dispute here.  The Court construes JMC's

**Memorandum Decision & Order – page 3**

argument to request an additional deposition of Forsythe, and even if a greater showing is required, JMC has met it here.

JMC is seeking discovery on its patent misuse defense. This defense alleges that plaintiffs are using the patent to obtain a commercial advantage by disrupting JMC's chemical supply source. When plaintiffs amended their complaint to add defendant JMC Leasing, a seller of bulk chemicals, JMC concluded that plaintiffs were using their patent to manipulate the market for chemical supplies. JMC promptly amended its answer to assert the patent misuse defense.

To pursue that defense, JMC now seeks information regarding plaintiffs' chemical supply chain, which allegedly includes five foreign entities. JMC suspects that plaintiffs may share in the chemical supply chain profits, giving plaintiffs a reason to misuse their patent to protect those profits. Seen in that light, the discovery JMC seeks here is relevant to their defense.

The other two Rule 30(b)(6) depositions to which Forsythe was the designee also appear to address relevant discovery subjects. Given that JMC's inquiries have all been relevant, and finding no evidence that JMC is harassing Forsythe, the Court cannot find that the sheer number of depositions of Forsythe constitutes an undue burden. Because plaintiffs have made no further particularized showing of burden, the Court cannot find that a protective order is necessary to protect them

**Memorandum Decision & Order – page 4**

from harm or prejudice.

Plaintiffs complain in their briefing that JMC added their patent misuse defense to their answer without Court approval.  Without addressing whether this objection was properly raised by plaintiffs, the objection has no merit because the amendment was proper.  JMC moved promptly to assert the defense after plaintiffs amended their complaint.

For all of these reasons, plaintiffs' motion for protective order will be denied.

**Plaintiffs' Motion for Leave to Conduct Additional Discovery**

Between the filing of plaintiffs' motion for protective order and their motion for leave to conduct additional discovery, the period for taking discovery ended. Plaintiffs now allege that they have uncovered new evidence that directly contradicts JMC's contention that they always set up their thermal foggers inside the potato storage facility.  Plaintiffs claim they have photographic evidence that JMC sets up foggers outside the facility, and plaintiffs want additional time to pursue discovery on that issue.

JMC argues that they corrected their initial statements that they always placed the foggers entirely within the facilities.  They filed supplemental responses adding a claim that their fogger discharged aerosol "directly into the air stream

**Memorandum Decision & Order – page 5**

without the use of a tube, duct, or pipe." *See JMC's Supplemental Response* at p. 21.  This was apparently a recognition that, at times, JMC placed its fogger so that its nozzle penetrated a wall.  *See JMC's Summary Judgment Brief (docket no. 138)* at p. 10, n. 4.  JMC was not conceding, however, that it placed the foggers "outside" the facility – in that instance, JMC asserts, the fogger was placed on a loading dock in part of the same building under the same roof.

The new photo, however, appears to show two foggers set up in the dirt, completely outside a shed.  As plaintiffs argue, that would directly contradict JMC's assertions, even those contained in their supplemental responses and summary judgment briefing.

JMC argues, however, that it provided an identical photo to plaintiffs in a discovery production in late April of 2008, when about 6 months were left in the discovery period that ended October 22, 2008.  Plaintiffs respond that the photo provided in April 2008 was (1) provided with about 1,000 pages of other documents, (2) not referenced or identified in any way, (3) of poor quality and (4) quite small (about one inch square as viewed on a computer screen).  Plaintiffs' counsel states that "[a]t the time the disk was produced, [the photo] was not a document that caught my attention or, to my knowledge, the attention of anyone representing the plaintiff."  *See Mauk Declaration* at ¶ 4, p. 2.

**Memorandum Decision & Order – page 6**

Plaintiffs apparently did not become aware of the photo until seeing it in a much different context.  On January 27, 2009 – about 3 months after discovery had closed – plaintiffs' owner John Forsythe attended a trade show where he picked up a brochure from a booth operated by JMC.  The brochure contains three photos with a caption that explains that "[t]his thermofogging system applies a fine aerosol of the sprout inhibitor directly into potato storage facilities . . . ."  One of the photos appears to show two "thermofoggers" set up outside a shed, and another shows a man in a trailer full of equipment.  Forsythe believes the man is an employee of JMC.  *See Forsythe Declaration* at ¶ 4, p. 2.  Forsythe passed this brochure to his counsel, who filed this motion on February 23, 2009.

To obtain an extension of the discovery deadline, it is plaintiffs' burden to show "good cause."  *See Rule 16(b); Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).  This "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Id.* at 609.  The Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *See Rule 16 advisory committee's notes* (1983 amendment).

The Court finds no evidence to suggest that JMC did anything improper in submitting the photo in its discovery production in April of 2008.  Nevertheless, it

**Memorandum Decision & Order – page 7**

is understandable that in the mass of documents produced in this case, the plaintiffs may have passed over the small, poor quality photo. It had no caption and was not accompanied by any explanation as to what it depicted.

In contrast, the photo with the brochure came with a caption describing it as a depiction of a sprout inhibitor fogging operation on stored potatoes. While JMC argues that the other two photos accompanying the brochure are actually of apple fogging, the caption indicates that the photos depict potato fogging, and JMC is not asserting that the key photo showing the two foggers outside the shed depicts anything other than a potato fogging operation.

Once they did become aware of the photo, plaintiffs acted promptly to seek an extension of the discovery deadline. Plaintiffs' diligence supports an extension of the discovery deadline.

## Conclusion

The Court will therefore grant plaintiffs' motion to extend the discovery deadline, and deny plaintiffs' attempt to block JMC's discovery. To accommodate this extra discovery the Court will vacate the presently scheduled hearing on summary judgment motions regarding infringement on April 13, 2009, and will extend discovery until June 19, 2009. The Court will then give the parties until July 17, 2009, to file simultaneous supplemental briefs on the pending dispositive

**Memorandum Decision & Order – page 8**

motions that discuss any new matters revealed by the additional discovery. The Court will direct the Clerk to set up a new hearing on the dispositive motions shortly thereafter.

The Court also recognizes that plaintiff have served subpoenas on Pace International and Decco Cerexagri, Inc. Plaintiffs seek information concerning the sale of sprout inhibiting chemicals from these entities to JMC. Both entities have challenged the subpoenas and plaintiffs are litigating those issues in Washington and California.

The Court further understands that JMC is not waiving privilege with regard to documents in the possession of these two parties. JMC does not oppose plaintiffs' efforts to resolve objections by these two entities in these other jurisdictions, and argues that any discovery regarding them should be limited to some of the documents requested and a single deposition.

The disputes with Pace and Decco Cerexagri will be resolved in the other districts. The Court expresses no opinion on those disputes. Plaintiffs' counsel represents that "[t]he discovery sought from Pace and Decco does not affect the pending dispositive motions, as far as we know." *See Plaintiffs' Reply Brief* at p. 10. Obviously, with discovery reopened, plaintiffs are free to pursue those disputes. The Court would direct JMC to work together with plaintiffs to see if the

**Memorandum Decision & Order – page 9**

disputes can be resolved short of litigation in those other districts.  The protective order issued in this case should constitute sufficient protection for any documents produced by Pace or Decco Cerexagri.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for protective order (docket no. 110 in *Civil No. 07-353* and docket no. 74 in *Civil No. 07-354*) is DENIED.

IT IS FURTHER ORDERED, that the motion for leave to conduct additional discovery (docket no. 171 in *Civil No. 07-353*) is GRANTED.

IT IS FURTHER ORDERED, that the hearing set for April 13, 2009, is VACATED, and shall be reset by the Clerk at the first opportunity in August of 2009 or thereafter.

IT IS FURTHER ORDERED, that the extended discovery period shall close on **June 19, 2009.**

IT IS FURTHER ORDERED, that the parties shall file simultaneous supplemental briefs on **July 17, 2009**, discussing the effect of the new discovery on the pending dispositive motions.

**Memorandum Decision & Order – page 10**



DATED: **March 24, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 11**